UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER CONWAY,<br><br>                    Plaintiff,<br><br>          v.<br><br>MUVA, et al.,<br><br>                    Defendants. | No. 1:23-cv-00898-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CLAIM<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed October 18, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

1    A complaint must contain "a short and plain statement of the claim showing that the
2 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
5 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
6 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
7 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
9 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
10 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
11 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
12 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
13 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
14 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
15 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
16 at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

19    The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of
20 the screening requirement under 28 U.S.C. § 1915.

21    When Plaintiff was booked into the Madera County Jail, he had two broken bones in his
22 neck, two broken ribs, a broken collar bone, and a cracked shoulder blade.  The booking officer
23 said that Plaintiff would be housed in the medical unit, but during transport he was taken by
24 officer Shields to the security housing unit and left there for six months.

25    On May 26, 2022, at about 1:00 a.m., officer Muva went to Plaintiff's cell and demanded
26 one of his medical mattresses.  Plaintiff asked him to look at his medical file on the computer to
27 see that medical gave him two mattresses.  Muva left and waited for Plaintiff to fall asleep and
28 then returned to Plaintiff's cell with two more officers.  Plaintiff was asleep and not a threat to

anyone when his cell door was opened and officer Muva went straight for Plaintiff's arm with the broken collar bone and tried to yank him off his bunk by jerking his arm. When Muva was not successful, officer Lopez then lifted the top mattress Plaintiff was sleeping on causing his head to slam against the wall with his neck brace almost rendering Plaintiff unconscious. Then officer Ortiz slide the bottom mattress out and they walked out of Plaintiff's cell laughing. After Plaintiff's head cleared a little bit he went to his cell door and yelled for medical attention. Officer Muva refused to call medical and gave Plaintiff a write-up. Medical went to Plaintiff's cell five days later, no x-rays were ordered, but his mattress was returned to him and he was given stronger medication. Plaintiff's pain continues to this day.

## III.

## DISCUSSION

### A.    Excessive Force

The right of pretrial detainees to be free from excessive force is guaranteed by the Due Process Clause of the Fourteenth Amendment and is governed by Fourth Amendment standards. Kingsley v. Hendrickson, 576 U.S. 389, 397-398, 399 (2015). Accordingly, a pretrial detainee establishes that excessive force was used against him by showing "that the force purposely or knowing used against him was objectively unreasonable." Id. at 396-397. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).  A "pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 576 U.S. at 398.

"A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 397. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.' " Id. (quoting Bell v. Wolfish, 441

3

1  U.S. 520, 240 (1979)).

2  "Considerations such as the following may bear on the reasonableness or
3  unreasonableness of the force used: the relationship between the need for the use of force and the
4  amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper
5  or to limit the amount of force; the severity of the security problem at issue; the threat reasonably
6  perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at
7  397.

8  Assuming the validity of Plaintiff's allegations and construed liberally, Plaintiff states a
9  cognizable claim for excessive force against Defendants Muva, Lopez, and Ortiz in violation of
10 the Fourteenth Amendment.

11 **B.     Failure to be Placed in Medical Unit/Medical Treatment**

12 The Eighth Amendment to the Constitution imposes duties on officials to ensure that
13 inmates receive adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The due
14 process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections
15 available to a convicted prisoner." Castro v. County of Los Angeles, 833 F.3d 1060, 1067 (9th
16 Cir. 2016) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). The Supreme
17 Court has treated medical care claims substantially the same as other conditions of confinement
18 violations including failure-to-protect claims. Gordon v. Cty. of Orange, 888 F.3d 1118, 1124
19 (9th Cir. 2018). Therefore, "the elements of a pretrial detainee's medical care claim against an
20 individual defendant under the due process clause of the Fourteenth Amendment are: (i) the
21 defendant made an intentional decision with respect to the conditions under which the plaintiff
22 was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm;
23 (iii) the defendant did not take reasonable available measures to abate that risk, even though a
24 reasonable official in the circumstances would have appreciated the high degree of risk
25 involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking
26 such measures, the defendant caused the plaintiff's injuries." Id. at 1125 (citing Castro, 833 F.3d
27 at 1071). With respect to the third element, the defendant's conduct must be objectively
28 unreasonable, a test that will necessarily turn on the facts and circumstances of each particular

case. Id.

Here, Plaintiff alleges that upon his booking at the Madera County Jail he was not placed in the medical unit as stated by the booking officer. Plaintiff also alleges that Defendant Muva did not call medical after they confiscated the extra mattress from his cell. However, Plaintiff has not sufficiently alleged that the conditions of Plaintiff's detainment put him at substantial risk of suffering serious harm, nor allege facts and circumstances indicating that Defendants' actions were unreasonable.

Plaintiff merely alleges that the "booking officer" told him he would be placed in the medical unit and the transportation officer instead took him to the security housing unit. Although Plaintiff alleges he suffered several injuries prior to his booking, he has not sufficiently alleged facts to demonstrate that any jail official put him at a substantial risk of serious harm because he was placed in the security housing unit. Indeed, there are not allegations that any of the named individuals had the authority to place Plaintiff in the medical unit, yet failed to do so.

In addition, although Plaintiff alleges that officer Muva did not provide immediate medical treatment and treatment was not provided for five days, he has not sufficiently alleged that was in need of immediate treatment or that the delay of five days in providing treatment was objectively unreasonable under the circumstances. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (holding that denial of medical treatment for several days did not amount to a constitutional violation); see also Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994). In addition, allegations of differences of opinion over proper medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth or Fourteenth Amendment violation. See Farmer, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference), quoting Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (holding that "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (a

disagreement over the necessity or extent of medical treatment does not show deliberate indifference); Gordon, 888 F.3d at 1124-25 (a pre-trial detainee must show more than lack of due care or negligence). Accordingly, Plaintiff fails to state a cognizable claim for relief based on the denial and/or delay in medical treatment.

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action

Further, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendant Muva, Lopez, and Ortiz on Plaintiff's excessive force claim in violation of the Fourteenth Amendment;

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2023**

UNITED STATES MAGISTRATE JUDGE

6