UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER CONWAY,<br><br>         Plaintiff,<br><br>    v.<br><br>MUVA, et al.,<br><br>         Defendants. | No. 1:23-cv-00898-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CLAIM AND DEFENDANTS<br><br>Doc. 13 |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 7, 2023, the assigned magistrate judge screened the second amended complaint and issued findings and recommendations that this action proceed against Defendants J. Moua,[1] Lopez, and Ortiz for excessive force in violation of the Fourteenth Amendment, and that all other claims and Defendants be dismissed from the action.  Doc. 13.  The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service.  *Id.* at 13.  Plaintiff filed objections on December 19, 2023.  Doc. 14.

---

[1] On December 19, 2023, Plaintiff filed a notice advising the Court that the correct spelling of Defendant "Muva" is "J. Moua."  (ECF No. 15.)

1

In accordance with 28 U.S.C. § 636 (b)(1), this Court has conducted a de novo review of the case. Having carefully reviewed the file, including Plaintiff's objections, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Plaintiff objects to the dismissal of his Fourteenth Amendment claim for inadequate medical care, contending he was deprived of appropriate medical attention and of placement in a medical unit. *See* Doc. 14. Specifically, he claims that defendants' failure both to initially place him in a medical unit following his booking at the Madera County Jail, and to timely provide him with medical treatment after defendants later injured him while removing his medical mattress, caused him serious harm and permanent pain. *Id.* at 3–4.

The magistrate judge's dismissal of Plaintiff claim related to his initial placement in a disciplinary unit rather than a medical unit was proper, because Plaintiff does not plead facts indicating he was at substantial risk of suffering serious harm by being placed in the disciplinary unit. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (defining elements of adequate medical care claim under Fourteenth Amendment). Moreover, as noted in the findings and recommendations, Plaintiff does not allege any facts showing that the named defendants caused him to be placed in the disciplinary unit.

As to the five-day delay in Plaintiff receiving medical treatment after his second mattress was removed, Plaintiff fails to establish that the delay itself caused him harm. *See Shapley v. Nev. Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985) (delay in obtaining surgery did not constitute deliberate indifference unless delay was harmful); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delaying treatment does not establish deliberate indifference unless plaintiff proves delay led to further injury). While Plaintiff asserts Defendants' actions in removing his mattress caused him "new injuries," and that his "pain continues to this day," Doc. 11 at 5, those allegations concern his excessive force claim, on which Plaintiff has stated a claim. Plaintiff does not provide a factual basis indicating how any delay in medical treatment itself created a further substantial harm. "Substantial harm is not present when the inmate's condition does not require emergency attention." *Tubach v. Lahimore*, No. 1:10-cv-00913-SKO

(PC), 2011 WL 1883807, at*7 (E.D. Cal. May 16, 2011) (citation omitted); *see also Bouie v. Smith*, No. 2:18-cv-2040 KJM AC P, 2024 WL 3088474, at *14 (E.D. Cal. Jun. 18, 2024) (finding that "the delay [in accessing treatment] was not harmful").  Therefore, dismissal of Plaintiff's Fourteenth Amendment due process claim for inadequate medical care is warranted.

Based upon the foregoing, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on December 7, 2023, (Doc. 13), are adopted in full;
2. This action shall proceed against Defendants J. Moua, Lopez, and Ortiz for excessive force in violation of the Fourteenth Amendment;
3. All other claims and Defendants are dismissed from this action; and
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   January 3, 2025

UNITED STATES DISTRICT JUDGE

3