**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER CONWAY, | Case No. 1:23-cv-0898 KES SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING THE MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND DIRECTING CLERK OF COURT TO CLOSE ACTION |
| v. | |
| J. MOUA, et al., | |
| Defendants. | |
| | Docs. 27, 28, and 32 |

Sylvester Conway seeks to hold the defendants liable for excessive force in violation of his rights under the Fourteenth Amendment. Doc. 13; *see also* Doc. 17. Defendants moved for summary judgment, asserting that Conway failed to exhaust his administrative remedies. Doc. 27. Defendants also moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 28. Conway opposed only the motion for summary judgment. *See* Doc. 29. The pending matters were referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge found that Conway exhausted his administrative remedies as to the defendants, and that any objections to the timeliness of the grievance appeal was waived because prison officials addressed the merits of the identified grievance. Doc. 32 at 2-10. The magistrate judge recommended the Court deny the motion for summary judgment. *Id.* at 15.

1

In their Rule 12(c) motion, Defendants argued that the doctrine of res judicata barred Conway's claim.  Doc. 28.  The magistrate judge took judicial notice that Conway previously filed a petition for writ of habeas corpus in Madera County Superior Court, Case No. MCR077140, and found that prior case involved "substantially identical facts" as in the pending matter.  Doc. 32 at 13.  The magistrate judge found the defendants in this action were in privity with the defendant in the earlier action, and that Conway "was afforded a full and fair opportunity to be heard on his state court habeas petition."  *Id.* at 14.  The magistrate judge noted that the Madera Court denied the habeas petition, which Conway acknowledged in the operative complaint.  *Id.* (citing Doc. 11 at 2).  The magistrate judge concluded the doctrine of res judicata barred Conway's Fourteenth Amendment claim and recommended that the Court grant the motion for judgment on the pleadings.  *Id.* at 14-15.

Conway filed timely objections to the findings and recommendations.  Doc. 33.  Conway asserts that the judgment in the state court "should be appealed" because he "never had a chance to go to state court to plead [his] case."  *Id.* at 2.  But this Court does not operate as the appellate court for such an appeal of his state court decision.  And although Conway may not have physically appeared before the state court, he had the opportunity to be heard though the filing of both his petition and his reply brief.  *See* Doc. 28-2 at 12-54 [Exs. B, C, D].  As the magistrate judge found, these filings were sufficient to invoke the doctrine of res judicata.  *See Anderson v. Mendoza*, 2018 WL 6528429, at *4 (E.D. Cal. Dec. 11, 2018) (rejecting the plaintiff's argument he did not have an opportunity to be heard before the state court and applying the doctrine of res judicata where the plaintiff filed a "state habeas petition and … reply" on the same allegations raised in his section 1983 claim).  Conway's objections fail to refute the factual findings or show legal error with the magistrate judge's analysis.

///

///

///

///

///

2

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this matter.  Having carefully reviewed the file, including the objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

The Court **ORDERS**:

1. The findings and recommendations issued November 5, 2025 (Doc. 32) are **ADOPTED** in full.

2. Defendants' motion for summary judgment (Doc. 27) is **DENIED**.

3. Defendants' motion for judgment on the pleadings (Doc. 28) is **GRANTED**.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

Dated:  March 29, 2026

_____
UNITED STATES DISTRICT JUDGE